JAMES E. WEAR and STELLA WEAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wear v. Commissioner
Docket No. 2852-80.
United States Tax Court
T.C. Memo 1982-265; 1982 Tax Ct. Memo LEXIS 475; 43 T.C.M. (CCH) 1362; T.C.M. (RIA) 82265; May 17, 1982. *475 James E. Wear, pro se. William A. Clarke, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge:* Respondent has determined deficiencies in petitioners' Federal income tax and additions to tax pursuant to section 6653(a), [1] as follows: Year
Deficiency
Additions to Tax
1974
$ 3,208
$ 160
1975
297
15
The issues for decision are: (1) whether respondent correctly determined that petitioners' gross sales for 1974 and 1975 were $ 17,963 and $ 6,722, respectively; and (2) whether petitioners are liable for additions to tax for negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners are husband and wife who resided in Phoenix, Arizona, *476 at the time their petition herein was filed. They filed joint Federal income tax returns for the years 1974 and 1975 with the Internal Revenue Service Center at Ogden, Utah. During 1974 and into 1975, petitioner husband (hereinafter sometimes referred to as James) owned and operated the Scottsdale Window Cleaning Company (hereinafter the business). On June 9, 1975, he entered into a "Sales Agreement" with Francis D. Pepka (hereinafter Pepka) for the sale of that business. In that agreement petitioner represented that his business yielded a net income of $ 17,000 to $ 25,000 per year. On or about October 9, 1975, Pepka filed suit against James in the Superior Court of the State of Arizona. The complaint alleged that James intentionally misrepresented the net income of the business as being in excess of what it actually was. In his answer James denied that allegation. A trial on the factual issue took place in the Arizona court on April 16, 1976. Among the exhibits presented to that court by James were two financial notebooks. The court also heard the testimony of the principals involved. James' testimony therein revealed the following facts: (1) the business was composed *477 of two segments--commercial construction and private homes; (2) gross sales for the private homes segment for 1974 were $ 16,151; (3) most years the business grossed between $ 5,000 and $ 20,000 from commercial contracts; and (4) during 1974 and 1975 James maintained books and records for the private homes segment of his business, but not for the commercial segment. On May 3, 1976, a judgment was rendered in favor of James. The court found, inter alia, that "the Defendant [James] did represent the income producing ability of the said business properly," as between $ 17,000 and $ 25,000 per year. On their joint Federal tax returns for 1974 and 1975, petitioners reported the respective amounts of $ 2,353 and $ 4,683 as the gross receipts of the business. Respondent determined that petitioners underreported gross receipts from the business, and that the correct amounts for 1974 and 1975 were $ 17,963 and $ 6,722, respectively. He also determined that petitioners are liable for additions to tax pursuant to section 6653(a) in the respective amounts of $ 160 and $ 15. OPINION Petitioners maintain that they never earned in excess of from $ 9,000 to $ 12,500 from the business, *478 and that the evidence relied on by respondent regarding the sale of the business reflects mere puffing by James to obtain the best sales price possible. Respondent's determination is presumptively correct, and petitioners bear the burden of proving it erroneous. , Rule 142(a). [2] At the trial before this Court James was made acutely aware of this. Notwithstanding, he presented no evidence whatsoever. This was so despite the Court's suggestion that he should try to explain the absence of books and records and the discrepancies between his tax returns for the years in issue and the conflicting testimony in the state court action. James did not even testify in his own behalf. Thus, on the record before us we have no choice but to find that petitioners have failed to meet their burden and to sustain respondent's determination as to the deficiency in tax. Respondent also determined that petitioners are liable for additions to tax for negligence or intentional disregard of the rules and regulations. *479 Sec. 6653(a). Again, petitioners bear the burden to prove error on the part of respondent. No attempt having been made on the part of petitioners to overcome respondent's determination, we must sustain it. Accordingly, Decision will be entered for the respondent.
Footnotes
*. This case was tried before Judge Sheldon V. Ekman, who died on January 18, 1982. By order of the Chief Judge dated March 19, 1982, this case was reassigned to Judge Bruce M. Forrester for disposition. ↩
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. Unless otherwise indicated, all citations to the "Rules" shall refer to the Tax Court Rules of Practice and Procedure.↩